Paul M. Fakler (PF-0249)
Martin Schwimmer (MS-7011)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

FIRST NIAGARA INSURANCE BROKERS, INC.,

        Plaintiff,

   - against -

FIRST NIAGARA FINANCIAL GROUP, INC.,

        Defendant.

-------------------------------------------------------------- X

07 Civ.

**COMPLAINT AND
JURY DEMAND**

Plaintiff, First Niagara Insurance Brokers, Inc. ("First Niagara"), for its Complaint against Defendant First Niagara Financial Group, Inc. ("FNFG"), by its counsel Moses & Singer LLP, alleges upon personal knowledge as to facts concerning First Niagara and upon information and belief as to facts concerning others, as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This action arises from Defendant's infringement of Plaintiff's FIRST NIAGARA, FIRST NIAGARA INSURANCE BROKERS and FIRST NIAGARA INSURANCE BROKERS, INC. and Design service marks (collectively, the "FIRST NIAGARA Marks").

2.      Plaintiff First Niagara has been continuously using its FIRST NIAGARA Marks in connection with a wide variety of insurance brokerage services since 1984, both in Canada and the United States.  As a result, members of the public throughout the United States and Canada identify the FIRST NIAGARA Marks exclusively with Plaintiff.

3.      In December 1999, fifteen years after Plaintiff first began using the FIRST NIAGARA Marks, Defendant FNFG announced its intention to change its name to First Niagara Financial Group, Inc. and adopt FIRST NIAGARA as a service mark.  FNFG adopted this new trade name and service mark in May 2000, with knowledge of Plaintiff's use of the FIRST NIAGARA Marks.

4.      Since that time, FNFG's infringement has caused numerous incidents of actual consumer confusion, including an alarming number of incidents wherein FNFG's customers have sent highly sensitive and confidential financial information, such as social security numbers, bank account numbers and photocopies of driver licenses, to First Niagara thinking the two companies were one and the same.  First Niagara has repeatedly called these incidents to FNFG's attention and has attempted to get FNFG's cooperation in resolving these disclosures of its customers' confidential information, to no avail.  These incidents of confusion and disclosure of sensitive financial information continue to this day.

5.      When First Niagara's initial attempts to negotiate an amicable resolution of this dispute failed, Plaintiff instituted a proceeding before the United States Patent and Trademark Office, opposing FNFG's attempts to register FIRST NIAGARA – related

marks.  After several years of litigating that proceeding, it has become clear that even when First Niagara is ultimately successful and the registrations are denied, FNFG will continue to infringe the FIRST NIAGARA Marks.

6.      FNFG's steadfast refusal to cease its willful infringement -- even when presented with evidence that such infringement is causing its own customers' sensitive personal information to be frequently disclosed to third parties -- leaves First Niagara with no choice but to bring this action for trademark infringement, unfair competition, and related claims under federal and New York statutory and common law.  First Niagara is seeking injunctive relief to prevent FNFG's continued fostering of a false identification and association between FNFG and First Niagara, and also damages to compensate First Niagara for FNFG's willful and wanton behavior.

## JURISDICTION AND VENUE

7.      First Niagara brings this action for trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); deceptive acts and practices in violation of Section 349(h) of the New York General Business Law; false advertising in violation of Section 350-e(3) of the New York General Business Law; injury to business reputation in violation of Section 360-l of the New York General Business Law; and trademark infringement and unfair competition in violation of the common law of the State of New York and the several states of the United States.

8.      This Court has original subject matter jurisdiction over the federal claims and state unfair competition claims pursuant to 15 U.S.C § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court has original subject matter jurisdiction over all

claims pursuant to 28 U.S.C. § 1332, because Plaintiff is a Canadian corporation,

Defendant is a Delaware corporation with its principal place of business in New York,

and the amount in controversy exceeds $75,000. This Court also has supplemental

jurisdiction over all state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

9.     This Court has personal jurisdiction over FNFG because FNFG maintains

a continuous business presence within the State of New York and is doing business in

New York. This Court also has personal jurisdiction over FNFG because it has registered

to do business in New York as a foreign corporation and in doing so has appointed an

agent for the service of process within New York and has consented to general personal

jurisdiction in New York.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c)

because FNFG resides and otherwise conducts business within this District.

## FIRST NIAGARA'S ADOPTION AND USE OF THE FIRST NIAGARA MARKS

11.     First Niagara is a small family-owned insurance brokerage business, with

its principal office located in Niagara Falls, Ontario, Canada – a mere three miles from

the Canadian border with Niagara Falls, New York. Bart Maves, the President of First

Niagara, acquired and consolidated certain insurance businesses, including Morningstar-

Bampfield Insurance Ltd., a Niagara Falls company with origins dating back to 1886.

Having consolidated these businesses, he adopted the trade name First Niagara Insurance

Brokers, Inc. and the FIRST NIAGARA Marks in 1984.

12.     First Niagara has been continuously using the FIRST NIAGARA Marks in

connection with its businesses since that time. Although it is a small, family run

business, the premiums generated by First Niagara have continuously increased, including a tenfold increase in business from 1973 to the present.

13.     First Niagara generally acts as a broker or intermediary between its clients, which comprise the general public, various commercial entities and various insurance underwriting companies.  First Niagara offers a wide variety of insurance services through its policies, including commercial general liability insurance, municipal insurance, home insurance, yacht and boat insurance, automobile insurance, life insurance, travel and medical insurance, and athletic bonus insurance.

14.     First Niagara sells insurance policies to persons and businesses in Canada and the United States, including through various third-party brokers in the United States. First Niagara also negotiates and settles claims for its clients, including claims for clients within the United States and relating to activities within the United States.  Additionally, First Niagara brokers the insurance policies of United States underwriters to customers in Canada.

15.     Since 1984, First Niagara has advertised using the FIRST NIAGARA Marks within Canada and the United States, including through print and radio advertising, promotional giveaways and sponsorship of various sporting events.  The FIRST NIAGARA Marks have been prominently featured on every policy, invoice, brochure and piece of correspondence that First Niagara has sent into the United States.

16.     Through its various activities within and affecting the United States, including its business activities described above, First Niagara has established secondary meaning among consumers with respect to its FIRST NIAGARA Marks.

## FNFG AND ITS INFRINGING ACTIVITIES

17.    Defendant FNFG has its administrative office in Lockport, New York, part of the greater Buffalo area, which is a short distance from the Canadian border.  FNFG has been in the financial services and/or insurance business for more than 135 years. Until very recently, FNFG operated its banking and financial services business as Lockport Savings Bank.  It was not until December of 1999, at which time First Niagara had already been using the FIRST NIAGARA Marks for fifteen years in the same area, that Defendant decided to change the name of its banking and financial services business to First Niagara Bank.  FNFG also adopted and applied to register several FIRST NIAGARA related service marks featuring the dominant term FIRST NIAGARA, including FIRST NIAGARA (word mark and with design), FIRST NIAGARA FINANCIAL GROUP, FIRST NIAGARA ONLINE, FIRST NIAGARA BANK'S CUSTOMER CONNECTION LINE and FIRST NIAGARA eCD, and adopted the marks FIRST NIAGARA RISK MANAGEMENT and FIRST NIAGARA MORTGAGE, among other service marks featuring the terms "FIRST" and "NIAGARA". (collectively, the "Infringing Marks").

18.    At the time it adopted the Infringing Marks, numerous employees at FNFG were aware of First Niagara's business and senior use of the FIRST NIAGARA Marks.  In addition to the close geographic proximity of the two businesses, the companies both offered identical services and advertised in the same publications.  First Niagara advertised on radio stations heard in the greater Buffalo area, and in publications distributed in that area.

19.    Prior to FNFG's adoption of the Infringing Marks, Bart Maves, the President of First Niagara and John Hoffman, the CEO of FNFG's insurance subsidiary, Warren-Hoffman, on numerous occasions met and discussed business matters at the annual Porter Cup amateur golfing tournament and other golf and social events at Niagara Falls Country Club in Lewiston, New York.  Indeed, both Bart Maves and John Hoffman were patron sponsors of the Porter Cup tournament and were advertised as such in the tournament brochure.  Mr. Maves advertised the FIRST NIAGARA Marks at these tournaments, including by distributing golf balls, t-shirts, umbrellas and sweaters, all featuring the FIRST NIAGARA Marks.

20.    Prior to FNFG's adoption of the Infringing Marks, First Niagara had established a commercial website at www.firstniagara.com.  Prior to changing its name and adopting the Infringing Marks, FNFG became aware that First Niagara already operated a website at that domain and gained further knowledge of First Niagara's senior use of the FIRST NIAGARA Marks.

21.    Prior to its adoption of the Infringing Marks and aware of First Niagara's use of the FIRST NIAGARA Marks, FNFG contacted First Niagara and attempted to purchase the domain name.  First, mere days after announcing the intended name change, FNFG approached First Niagara through an intermediary to effect a sale.  Several days later, when this attempt failed and still four months prior to its official adoption of the Infringing Marks, Charles Clark, Vice President of Marketing for FNFG, approached First Niagara directly in a second attempt to acquire the domain name.  In both instances, First Niagara refused to sell the domain name.  Subsequently, FNFG registered the

almost identical first-niagara.com domain and established a website at www.first-niagara.com.

22.     Since adopting the Infringing Marks, FNFG's business and revenues have skyrocketed by every measure.  FNFG has generated over $532 million of net revenue before income taxes while using the Infringing Marks.

## CONFUSION CAUSED BY FNFG'S INFRINGEMENT

23.     Since adopting the Infringing Marks, FNFG has used the Infringing Marks extensively in connection with insurance services identical to First Niagara's service and other financial services related to insurance.  First Niagara and FNFG operate in the same and similar channels of trade.  The companies share the same classes of customers and even share particular individual customers.

24.     FNFG's use of the Infringing Marks has caused a likelihood of consumer confusion, and actual confusion, in a number of ways.  To the extent consumers already familiar with First Niagara's FIRST NIAGARA Marks encounter FNFG using the Infringing Marks, such consumers are likely to falsely believe that First Niagara is the source of FNFG's services, or that FNFG's services are sponsored or endorsed by, or otherwise affiliated with First Niagara.  In this way, FNFG is trading off of First Niagara's reputation and goodwill embodied in the FIRST NIAGARA Marks.

25.     To the extent consumers become familiar with FNFG's use of the Infringing Marks first and then later encounter First Niagara's use of its FIRST NIAGARA Marks, such consumers are likely to suffer reverse confusion, falsely believing that FNFG is the source of First Niagara's services, that First Niagara's services

are sponsored or endorsed by or otherwise affiliated with FNFG, or even worse, that First Niagara is a junior user and infringer. These concerns are heightened due to the fact that First Niagara is a smaller, family-run business while FNFG is a large, publicly traded company.

26.    In addition to the obvious likelihood of confusion created by FNFG's infringing acts, those acts have caused constant and numerous instances of actual consumer confusion. Beginning in 2000, and continuing to this day, First Niagara has received thousands of e-mail messages from consumers, prospective employees, vendors and other third parties, who believed they were communicating with FNFG.

27.    Many of these e-mail messages come from FNFG's current or prospective customers, who believe that they are communicating with FNFG, or a company affiliated with FNFG, when they send e-mail to First Niagara. Alarmingly, these e-mails often contain the customers' private personal and financial information, such as social security numbers, bank account numbers, and photocopies of driver license numbers. Redacted copies of representative e-mails are annexed hereto as Exhibit "A."

28.    First Niagara began receiving this sensitive customer information in 2000. Having no desire to receive such information, and out of extreme concern for the privacy interests of FNFG's customers, First Niagara immediately notified FNFG of the problem. Notwithstanding that its infringing activities were causing its own customers' personal and financial information to be disclosed to third parties, FNFG refused to remedy the problem. Consequently, First Niagara continues to receive sensitive personal and financial information from FNFG's customers to this day.

29.    In addition to the e-mail noted above, First Niagara frequently receives phone calls, letters and personal visits to its offices from persons who believe they are dealing with FNFG or a company affiliated with FNFG.  For example, as recently as September 6, 2007, First Niagara received a call from a New York-based insurance broker.  This broker's customer had previously obtained certificates of insurance from FNFG, and asked the broker to obtain another one.  The broker called First Niagara to obtain the certificate of insurance in Canada, believing it was the same company as FNFG.

30.    FNFG has likewise received communications from persons who believed they were communicating with First Niagara.

31.    FNFG's infringing activities are likely to cause, and have caused, confusion or mistake, or deceive the public into thinking that either 1) First Niagara is the source of FNFG's services or that FNFG's services are sponsored, authorized or endorsed by, or affiliated, connected or otherwise associated with, First Niagara; or 2) FNFG is the source of First Niagara's services or that First Niagara's services are sponsored, authorized or endorsed by, or affiliated, connected or otherwise associated with, FNFG. FNFG has created these misimpressions intentionally, willfully, recklessly and in bad faith.

32.    FNFG's infringing activities have caused and will continue to cause First Niagara great and irreparable harm.  Unless restrained and enjoined by this Court, FNFG will persist in its unlawful activities, thereby causing further damage and irreparable harm to First Niagara and to the public interest.

33.    Due to this irreparable harm, First Niagara has no adequate remedy at law.

## Count I: Federal Trademark Infringement and Unfair Competition

34.    First Niagara hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 33 of this Complaint.

35.    The aforesaid acts of FNFG constitute use in commerce of words, terms, names, symbols and devices, and combinations thereof; false designations of origin; false and misleading descriptions of fact; and false and misleading descriptions of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of FNFG with First Niagara, or as to the origin, sponsorship or approval of FNFG's and First Niagara's services, each by the other.

36.    The aforesaid acts of FNFG constitute use in commerce of words, terms, names, symbols and devices, and combinations thereof; false designations of origin; false and misleading descriptions of fact; and false and misleading descriptions of fact in commercial advertising or promotion that misrepresents the nature, characteristics or qualities of FNFG's services or other commercial activities.

37.    The aforesaid acts of FNFG constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.    The aforesaid acts of FNFG were willfully intended to trade on the reputation and goodwill associated with First Niagara's FIRST NIAGARA Marks.

39.    The foresaid acts of FNFG have caused, and are continuing to cause, great and irreparable harm to First Niagara.  Unless permanently restrained by this Court, such irreparable harm will continue.

### Count II: Common Law State Trademark Infringement

40.    First Niagara hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 39 of this Complaint.

41.    The aforesaid acts of FNFG constitute the use of a designation that is likely to cause confusion as to the source, sponsorship, endorsement or affiliation of FNFG's services.

42.    The aforesaid acts of FNFG constitute trademark infringement in violation of the common law of the State of New York as well as the several states of the United States of America.

43.    The aforesaid acts of FNFG have caused, and are continuing to cause, great and irreparable harm to First Niagara.  Unless permanently restrained by this Court, such irreparable harm will continue.

### Count III: Common Law State Unfair Competition

44.    First Niagara hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 43 of this Complaint.

45.    The aforesaid acts of FNFG constitute the use of a designation that is likely to cause confusion as to the source, sponsorship, endorsement or affiliation of FNFG's services.

46.    The aforesaid acts of FNFG constitute unfair competition in violation of the common law of the State of New York as well as the several states of the United States of America.

47.    The aforesaid acts of FNFG have caused, and are continuing to cause, great and irreparable harm to First Niagara.  Unless permanently restrained by this Court, such irreparable harm will continue.

### Count IV: Deceptive Acts and Practices Under New York Law

48.    First Niagara hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 47 of this Complaint.

49.    The aforesaid acts of FNFG constitute deceptive acts or practices in the conduct of business, trade or commerce, or in the furnishing of any service in New York State in violation of New York General Business Law § 239(h).

50.    The aforesaid acts of FNFG have caused, and are continuing to cause, great and irreparable harm to First Niagara.  Unless permanently restrained by this Court, such irreparable harm will continue.

### Count V: False Advertising Under New York Law

51.    First Niagara hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 50 of this Complaint.

52.    By the aforesaid acts, FNFG misleadingly advertised its services, in that FNFG made statements, used words, designs, devices, sounds or combinations thereof that were materially misleading with respect to such services.

53.    The aforesaid acts of FNFG constitute false advertising in the conduct of business, trade or commerce, or in the furnishing of any service in the State of New York in violation of New York General Business Law § 350-e(3).

54.    The aforesaid acts of FNFG have caused, and are continuing to cause, great and irreparable harm to First Niagara.  Unless permanently restrained by this Court, such irreparable harm will continue.

## Count VI: Injury to Business Reputation Under New York Law

55.    First Niagara hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 54 of this Complaint.

56.    The aforesaid acts of FNFG are likely to injure the business reputation of First Niagara in violation of New York General Business Law § 360-l.

57.    The aforesaid acts of FNFG have caused, and are continuing to cause, great and irreparable harm to First Niagara.  Unless permanently restrained by this Court, such irreparable harm will continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff First Niagara requests judgment against Defendant FNFG as follows:

1.    That FNFG, and each of its subsidiaries and affiliates, and their respective officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from:

(a)    Using on or in connection with any insurance, banking, leasing or any other financial services, the Infringing Marks or the designation "First Niagara," or any colorable imitation thereof or any designation confusingly similar thereto;

(b)    Representing by any means whatsoever, directly or indirectly, or doing any other acts calculated or likely to cause confusion, mistake or to deceive the public into believing that FNFG's services are the services of First Niagara, or that First Niagara's services are the services of FNFG, or that there is any affiliation or connection between First Niagara or First Niagara's services and FNFG or FNFG's services, and from otherwise unfairly competing with First Niagara; and

(c)    Seeking or continuing to seek registration for the Infringing Marks, any mark containing the term FIRST NIAGARA, or any colorable imitation thereof or any mark confusingly similar thereto.

2.    That FNFG be directed to file with this Court and to serve upon First Niagara within thirty (30) days after service upon FNFG of this Court's injunction issued in this action, a written report by FNFG, signed under oath, setting forth in detail the manner in which FNFG has complied with the injunction.

3.    That FNFG be directed to expressly abandon and withdraw all applications or registrations with the United States Patent and Trademark Office for the Infringing Marks, with prejudice.

4.     That the Court order the cancellation of any registration of the Infringing Marks by FNFG with the United States Patent and Trademark Office or any other registration authority.

5.     That FNFG be directed to transfer registration of the first-niagara.com domain name, and the registration of any other domain names featuring the terms "first" and "niagara," to First Niagara.

6.     That First Niagara recover its damages sustained as a result of FNFG's unlawful acts together with an accounting of FNFG's profits arising from such acts, in an amount to be determined at trial but no less than $532 million, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious nature of the acts of FNFG.

7.     That First Niagara recover treble damages under 15 U.S.C. § 1117 by reason of the willful and deliberate acts of federal trademark infringement and unfair competition by FNFG.

8.     That First Niagara recover treble damages under New York General Business Law §§ 349(h) and 350-d by reason of FNFG's acts of deceptive trade practices.

9.     That First Niagara recover its reasonable attorneys' fees pursuant to 15 U.S.C § 1117 and New York General Business Law §§ 349(h) and 350-d.

10.     That First Niagara recover its taxable costs and disbursements herein.

11.    That the Court award First Niagara any and all further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff First Niagara hereby demands trial by jury, pursuant to Fed. R. Civ. P. 38(b), for all issues so triable.

Dated:  October 9, 2007
        New York, New York

MOSES & SINGER LLP

By: _____
    Paul M. Fakler (PF-0249)
    Martin Schwimmer (MS-7011)
    Julie Stark (JS-8925)
    Amanda J. Schaffer (AS-2004)
    405 Lexington Avenue
    New York, New York 10174-1299
    Tel.: 212-554-7800
    Fax: 212-554-7700
    pfakler@mosessinger.com

    *Attorneys for Plaintiff,*
    *First Niagara Insurance Brokers, Inc.*

# EXHIBIT A

----- Original Message -----
**From:** John
**To:** m_nadoraski@firstniagara.com
**Sent:** Saturday, September 22, 2007 10:00 PM
**Subject:** Loan Information

Hi Maria,

Thank you so much for putting this together in such short time.
I had a chance to analyze and compare the programs from the two different lenders, and for the 5/15/80
program, there is not much difference between the two.
I want to talk in detail tomorrow, I will try calling you around noon
I did have one aspect that I did not understand, and that's the          r Hazard-insurance, under the Paid-
in-Advance section. Maybe you can clarify this for me, I thought that would have been a pro-rated
number

I am also including the Bank-of-America estimate, we can go over the two tomorrow.

Thank you,
-John

_A place for moms to take a break!_

# Bank of America Purchase Loan Analysis
September 21, 2007

| Prepared for: | John | Prepared by: | |
|---|---|---|---|
| Voice: | | Voice: | |
| Fax: | | Fax: | |
| Branch Name: | | Branch Voice: | |
| Branch Contact: | | Branch Fax: | |

| Product – 1st Mortgage | 2MF___PNCN - 30Y FX CONF - PNCN | 2MFMR_PNCN - NFMP 30Y FXD CONF - PNCN | 2MF___PNCN - 30Y FX CONF - PNCN | |
|---|---|---|---|---|
| Product – Other Financing | | | SBF___PNCN - 15YR BALLOON 2ND | |
| Purchase Price | | | | |
| Loan To Value / Combined Loan to Value | 95.00 | | 95.000 | |
| Loan Amount 1st / 2nd | | | | |
| Term Of Loan 1st / 2nd | | | | |
| Balloon Product 1st / 2nd | | | | |
| Initial Interest Rate 1st / 2nd | | | | |
| Index 1st | | | | |
| Margin 1st | | | | |
| Actual Market Rate Today 1st | | | | |
| Qualifying Interest Rate  1st / 2nd | | | | |
| Maximum 1st Rate Increase/Frequency | | | | |
| Lifetime Maximum Increase 1st | | | | |
| Annual Percentage Rate 1st / 2nd | | | | |
| Origination Points 1st | | | | |
| Discount Points 1st / 2nd | | | | |
| Total Points 1st / 2nd | | | | |
| Principal & Interest 1st | | | | |
| Other Financing | | | | |
| Property Tax | | | | |
| Hazard Insurance | | | | |
| Mortgage Insurance | | | | |
| Homeowners Association Dues | | | | |
| Flood Insurance | | | | |
| Assessment | | | | |
| Other Impounds/Escrows | | | | |
| Borrowers Protection Plan 1st / 2nd | | | $0 | |
| **Total Housing Payment** | | | | |
| Origination Fee | | | | |
| Discount Fee  1st / 2nd | | | | |
| Appraisal Fee | | | | |
| Credit Report Fee | | | | |
| Tax Service Fee | | | | |
| Application Fee | | | | |
| Processing/Commitment Fee | | | | |
| Flood Certification | | | | |
| Buydown Subsidy | | | | |
| Other Lender's Fees | | | | |
| **Total Lender's Fees** | | | | |
| Escrow Settlement Fee | | | | |
| Attorney Fee | | | | |
| Lender's Title Insurance * | | | | |
| Owner's Title Insurance * | | | | |
| Other Title/Settlement Charges | | | | |
| Recording Fee | | | | |
| Tax Stamps  1st / 2nd | | | $ | |
| Survey | | | | |
| Pest Inspection | | | | |
| Other Costs | | | | |
| **Total Title/Settlement/Other Charges** | | | | |
| Number Days Interest/Per Diem 1st / 2nd | | | | |
| Interest  1st / 2nd | | | | |
| Hazard Insurance (1st Year Premium) | | | | |
| Hazard Insurance Reserves ** | | | | |
| Property Tax Reserves ** | | | | |
| Mortgage Insurance Reserves ** | | | | |
| Other Prepaids/Reserves ** | | | | |
| **Total Prepaids/Reserves** | | | | |
| Downpayment | | | | |
| Lender Fees | | | | |
| Title/Settlement Charges | | | | |
| Prepaids/Reserves | | | | |
| **Total Borrower Costs at Closing** | | | | |
| Income Qualification Estimates Based On Qualifying | (Othe | onsidered i | ng) | |
| Required Monthly Income | | | | |
| Maximum Other Debt | | | | |
| Residual Payments (//ResidualMos// Months) | | | | |
| Actual/Allowable Housing Ratio | | | | |
| Actual/Allowable Debt Ratio | | | | |

\*  Apportion to buyer and seller as customary to market or as negotiated in purchase offer.  Rates vary by title company.
\*\* The initial amount you will pay at closing to establish an impound/escrow account, if required, is estimated.  The actual amount collected at closing will be determined based upon your first payment due date, a permissible cushion and the scheduled disbursement dates of your hazard insurance, real estate taxes and other escrowed items.  Federal law requires us to use an aggregate accounting method to determine the amount collected at closing which will always result in a different amount than the estimate.
\*\*\* (If ARM solution displayed)  Rates may increase.

This is not a commitment to lend.  Current policy requires submission of a complete application including supporting documentation.  Loan approval is subject to the borrower and the property meeting bank requirements. All information is estimated. Please remember products, terms, rates and fees are subject to change until you complete a loan application and lock your interest rate.

**Loretta Mazaris**

**From:**
**To:**          <l_pentak@firstniagara.com>
**Sent:**        Thursday, July 05, 2007 11:37 AM
**Attach:**      2005tax c.zip
**Subject:**     Information for Wally

New York State Department of Taxation and Finance

**2005**

# Summary of Federal Form W-2 Statements

**New York State • New York City • Yonkers**

**IT-2**

See instructions.

| Taxpayer's first name and middle initial | Taxpayer's last name | ▼ Your social security number |
|---|---|---|
| Walter | | 6093 |
| Spouse's first name and middle initial | Spouse's last name | ▼ Spouse's social security number |

---

## W-2 Record 1

Box c Employer's name and full address (including ZIP code)

and

Poughkeepsie

| | Box 12a | Amount | Code | Box 15 State | Box 16 State wages, tips, etc. (for NYS) |
|---|---|---|---|---|---|
| Box b Employer identification number (EIN) | Box 12b | Amount | Code | NY | Box 17 New York State income tax withheld |
| 14- | | | | | |
| This W-2 is for (mark an X in one box): | Box 12c | Amount | Code | | Box 18 Local wages, tips, etc. |
| Taxpayer X    Spouse | Box 12d | Amount | Code | Locality a | |
| Box 1 Wages, tips, other compensation | | | | Locality b | Box 19 Local income tax withheld |
| Box 8 Allocated tips | | | | Locality a | |
| | Box 13 Statutory employee........... | | | Locality b | |
| Box 9 Advance EIC payment | Box 14 a | Amount | Code | | Box 20 Locality name |
| | 16. NOTLSTED | | | Locality a | |
| Box 10 Dependent care benefits | Box 14 b | Amount | Code | Locality b | |
| Box 11 Nonqualified plans | Box 14 c | Amount | Code | | |
| | | | | | Corrected (W-2C) |

---

## W-2 Record 2

Box c Employer's name and full address (including ZIP code)

| | Box 12a | Amount | Code | Box 15 State | Box 16 State wages, tips, etc. (for NYS) |
|---|---|---|---|---|---|
| Box b Employer identification number (EIN) | Box 12b | Amount | Code | | Box 17 New York State income tax withheld |
| This W-2 is for (mark an X in box): | Box 12c | Amount | Code | | Box 18 Local wages, tips, etc. |
| Taxpayer    Spouse | Box 12d | Amount | Code | Locality a | |
| Box 1 Wages, tips, other compensation | | | | Locality b | Box 19 Local income tax withheld |
| Box 8 Allocated tips | | | | Locality a | |
| | Box 13 Statutory employee........... | | | Locality b | |
| Box 9 Advance EIC payment | Box 14 a | Amount | Code | | Box 20 Locality name |
| | | | | Locality a | |
| Box 10 Dependent care benefits | Box 14 b | Amount | Code | Locality b | |
| Box 11 Nonqualified plans | Box 14 c | Amount | Code | | |
| | | | | | Corrected (W-2C) |

---

**Please file this original scannable form with the Tax Department.**

If you or your paid preparer use software to produce this form, it might have a two-dimensional (2-D) barcode on the bottom of this page. It will appear as a rectangular-shaped object with very small black boxes and white spaces. This barcode will be used to efficiently process your entries on this form.

1021051017



New York State Department of Taxation and Finance

# Claim for Earned Income Credit
### New York State • City of New York

2005

# IT-215

**Please enter your first name first. For a joint claim, use both name lines.**

| Your first name and middle initial | Your last name *(for a joint claim, enter spouse's name on line below)* | ▼ Your social security number |
|---|---|---|
| Walter | | i–6093 |
| Spouse's first name and middle initial | Spouse's last name | ▼ Spouse's social security number |

**Print or type**

| Mailing address *(number and street or rural route)* | Apartment number | New York State county of residence |
|---|---|---|
| Rd | | • RENS |

| City, village, or post office | State | ZIP code |
|---|---|---|
| Nassau | NY | |

**1** Did you claim the federal earned income credit for 2005? If *No, stop; you do not qualify for these credits* ............... **1.** Yes X No

**2** Is your investment income (see instructions) greater than $2,700? If *Yes, stop; you do not qualify for these credits* ............ **2.** Yes No X

**3** Have you already filed your 2005 New York State income tax return? If *No*, you must file this claim with a return ........... **3.** Yes No X

**4** Did you claim qualifying children on your 2005 *federal* Schedule EIC? If *No*, continue with line 5.

If *Yes*, in the spaces below, list up to two of the same children you claimed on federal Schedule EIC. .................. **4.** Yes X No

If you claimed more than two, see instructions.

| First name and middle initial | Last name | Relationship | Number of months lived with you | Full-time student * | Person with disability * | Social security number | Year of birth |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

* Mark an *X* in these boxes **only** if you checked *Yes* in the same box on your 2005 federal Schedule EIC, (box 4a or 4b).

**5** Is the IRS figuring your **federal** earned income credit (EIC) for you? If *Yes*, complete lines 6 through 9 (also lines 21, 23, and 24 if you are a part-year New York State resident, and line 28 if you are a part-year New York City resident). The Tax Department will compute your New York State and, if applicable, your New York City earned income credit for you. If *No*, complete lines 6 through 17 (and lines 18 through 26 if you are a part-year New York State resident). New York City residents must complete the *New York City Earned Income Credit Worksheet* in the Form IT-215-I instructions. Part-year New York City residents must also complete line 28 on page 2 of this claim form. ......... **5.** Yes No X

Dollars

**6** Wages, salaries, tips, etc. from *Worksheet A*, line 3, in the instructions, Form IT-215-I. ...................................... **6.**

**7** If you received a taxable scholarship or fellowship grant, or if you were paid any amount as an inmate in a penal institution for work, or if you received an amount as a pension or annuity from a nonqualified deferred compensation plan or a nongovernmental section 457 plan, enter that amount here *(see instructions)*. ........................ **7.**

**8** Business income or loss *(from your federal Form 1040 line instructions, Earned Income Credit Worksheet B, lines 1e, 2c, and 3)* ......... **8.**

• Employer identification number *(see instructions)* ..........

• Mark an *X* in the applicable box.......... The amount on line 8 above is a ............. profit ⁝ X or.. loss

**9** Enter your federal adjusted gross income *(from federal Form 1040EZ, line 4; Form 1040A, line 22; or Form 1040, line 38)* ................. **9.**

**10** Amount of federal EIC claimed *(from federal Form 1040EZ, line 8a; Form 1040A, line 41a; or Form 1040, line 66a. Federal alternative minimum tax filers - see instructions)* .................. **10.**

**11** New York State earned income credit (NYS EIC) rate 30% (.30)........................................................ **11.**

**12** Tentative NYS EIC *(multiply line 10 by line 11; see instructions)* ...................................................... **12.**

**If you are a Form IT-201 or Form IT-203 filer, complete *Worksheet B* on page 2 of this form before continuing** .

**13** Form IT-150 filers, copy the amount from Form IT-150, line 27. Form IT-201 and Form IT-203 filers, copy the amount from *Worksheet B*, line 5 on page 2 of this form ........................ **13.**

**14** New York State household credit *(from Form IT-150, line 28; Form IT-201, line 40; or Form IT-203, line 39)* .................. **14.**

**15** Enter the smaller of line 13 or line 14 ................................................................................... **15.**

**16** **Allowable New York State earned income credit** *(subtract line 15 from line 12)* ...................................... **16.**

*Continue on page 2*

2151051017

Please file this original scannable form with the Tax Department.

17  If your New York State filing status is ③ **Married filing separate return, complete line 17.** The NYS EIC on
line 16 on page 1 can be divided between spouses in any manner you wish. Enter on line 17 the amount
of NYS EIC from line 16 you are claiming, and also enter your joint federal adjusted gross income below ...................   17.

Dollars

- **federal adjusted gross income** *(from federal Form 1040EZ, line 4;*
*Form 1040A, line 22; or Form 1040, line 38)* ..................................................................   •

---

**Part-year New York State resident earned income credit**

Lines 18 through 26 apply only to part-year New York State
residents claiming the New York State earned income credit.

18  Enter your New York State earned income credit *(from line 16 on page 1, or from line 17 above)* ...................   18.
19  Enter the amount from Form IT-203, line 42 .................................................................   19.
- If line 19 is equal to or more than line 18, **stop. You do not have excess New York State earned income credit.**
- If line 19 is less than line 18, continue on line 20 below.
20  **Excess New York State earned income credit**  *(subtract line 19 from line 18)* ........................   20.
21  Enter the amount from Form IT-203-ATT, line 31 *(If you do not have to file Form IT-203-ATT, leave blank and continue on line 22 below.)* ....   21.
- If Form IT-215, line 21, is equal to or more than Form IT-215, line 20, **stop. Do not continue**
**with this computation.** Enter the amount from line 20 above on Form IT-203-ATT, line 32.
- If Form IT-215, line 21, is less than Form IT-215, line 20, enter the amount from line 20 above on
Form IT-203-ATT, line 32, and continue on line 22 below.
22  Subtract line 21 from line 20. **This is your remaining excess New York State earned income credit** ...................   22.
23  Enter the amount from line 23, Column B, of the *Part-year resident*
*income allocation worksheet* in your Form IT-203 instructions ...................   23.
24  Enter the amount from line 18, Column A, of the *Part-year resident*
*income allocation worksheet* in your Form IT-203 instructions ...................   24.

25  Divide line 23 by line 24 *(round the result to the fourth decimal place).* This amount cannot exceed 100% (1.0000)...........   25.
26  Multiply line 22 by line 25. Enter the result here and on Form IT-203-ATT, line 10.
**This is the refundable portion of your part-year New York State resident earned income credit.** ...................   26.

---

**New York City earned income credit** *(full-year and part-year New York City residents)*

27  From *Worksheet C, New York City earned income credit,* in the *Instructions for*
*Form IT-215.* Enter here and on Form IT-150, line 43; Form IT-201, line 68; or Form IT-203-ATT, line 11. .........   27.
*Part-year* New York City  residents must also complete line 28 below.
28  **Part-year New York City adjusted gross income:** *(see instructions)*
Enter the amounts from Form IT-360.1, line 20, columns A and B ...................   28A.   |   28B.

---

**Worksheet B** *(for Form IT-201 and Form IT-203 filers only)*

1  New York State tax *(from IT-201, line 39, or Form IT-203, line 38)* .........................................   1.
2  Resident credit *(from Form IT-201, line 41, or Form IT-203-ATT, line 1)* ...................   2.
3  Accumulation distribution credit *(from Form IT-201-ATT, line 1, or Form IT-203-ATT, line 2)* ...................   3.
4  Add lines 2 and 3 ...............................................................................................   4.
5  Subtract line 4 from line 1. *(If line 4 is more than line 1, enter 0.)* Enter here and on line 13 on page 1 of this form ...........   5.

---

| ▼ **Paid preparer's use only** ▼ | | ▼ **Taxpayer** sign here ▼ |
|---|---|---|
| Preparer's signature | SSN or PTIN: | Your signature |
| | | Your occupation |
| Firm's name *(or yours, if self-employed)* | Employer identification number | Spouse's signature and occupation (if joint claim) |
| Address | Mark an X if self-employed | Daytime phone number (optional) |
| | Date | Date |

Please file this original scannable
form with the Tax Department.



New York State Department of Taxation and Finance

**2005**

# Claim for College Tuition Credit
# For New York State Residents

## IT-272

Name as shown on return

Walter

Spouse's name

▼ Your social security number

·6093

▼ Spouse's social security number

Please enter your first name(s) first in the spaces above. If you are married and filing separate New York State returns, you must also enter your spouse's name and social security number.

- **Complete this form to compute your college tuition credit.**
- **Attach this form to your Form IT-150 or Form IT-201. (Form IT-203 filers do not use this form.)**
- **See instructions, Form IT-272-I, for assistance.**

**1** Are you claimed as a dependent on another taxpayer's 2005 New York State tax return?.................... **1.** Yes____ No__X__
- If *Yes,* stop; you do not qualify for the college tuition credit or the college tuition itemized deduction.
- If *No,* continue with question 2.

**2** Were you (and your spouse if filing a joint return) a **full-year New York State resident for 2005?**...... **2.** Yes__X__ No____
- If *Yes,* continue with Part I below.
- If *No,* stop; you do not qualify for the college tuition credit.
    However, if you are required to file Form IT-203, *Nonresident and Part-Year Resident Income Tax Return,* for 2005, you may qualify for the *college tuition itemized deduction.* For more information, see the instructions for Form IT-203.

---

**Part 1** – In the spaces provided below, complete columns A through E for up to three eligible students for whom you paid qualified college tuition expenses. (If you have more than three eligible students, see instructions.)

| A Name of eligible student | B Social security number | C Name(s) of college or university | D Amount of qualified college tuition expenses paid during 2005 *(see instructions)* | E Enter the lesser of column D or $10,000 |
|---|---|---|---|---|
| | | | | |

**3** Total qualified college tuition expenses *(Add column E amounts; include amounts from any additional sheets. See instructions.)*.................................................................................... **3.**

- If line 3 is **less than $5,000, complete Part 2 on page 2.**
  Do not complete Part 3.
      **or**
- If line 3 is **$5,000 or more, complete Part 3 on page 2.**
  Do not complete Part 2.

*(continued on page 2)*

Please file this original scannable
credit form with the Tax Department.



IT-272 (20___ page 2)

**Part 2** – Complete Part 2 if your total qualified college tuition expenses on Part 1, line 3 on page 1 are **less than $5,000.**

| | | | |
|---|---|---|---|
| 4 | Credit limitation ($200) ................................................................................................... | 4. | **200.** |
| 5 | Enter the lesser of line 3 or line 4. This is your **college tuition credit** *(see instructions)* ........................... | 5. | |

**Part 3** – Complete Part 3 if your total qualified college tuition expenses on Part 1, line 3 on page 1 are **$5,000 or more.**

| | | | |
|---|---|---|---|
| 6 | Enter the amount from **line 3** on page 1 ........................................................................ | 6. | |
| 7 | Multiply the amount on **line 6** by 4% (.04). This is your **college tuition credit** *(see instructions)* .................... | 7. | |

**Part 4** – **College tuition itemized deduction option**

**Caution:** If you itemized your deductions on your federal return, you may elect to claim the **college tuition itemized deduction** instead of the credit. To determine if you will receive a greater tax benefit from the itemized deduction, complete **Worksheet 6** in the combined instructions for Form IT-150 and IT-201.

If you elect to claim the **college tuition itemized deduction, do not** enter the college tuition credit you computed on line 5 or line 7 above on your Form IT-150 or Form IT-201.

If you elect to claim the **college tuition itemized deduction,** you must file Form IT-201. You cannot file Form IT-150.

8　Mark an *X* in this box if you are claiming the **college tuition itemized deduction** *(see instructions)* ............................... 8.

Please file this original scannable
credit form with the Tax Department.



**NEW YORK MISCELLANEOUS INFORMATION WORKSHEET**  2005

This worksheet is used to provide information if necessary. Document 1    Filed 10/10/2007    Page 27 of 35

**Name:** Walter                                              SSN:                    93

---

ADDITIONAL DETAIL FOR LINE 17
Self-Employment tax

---

Total federal adjustments to income . . . . . . . . . . . .

**From:**     "Wally _ _ _ _
**To:**        <l_pentak@firstniagara.com>
**Sent:**      Thursday, July 05, 2007 12:01 PM
**Attach:**    Drivers Licence.pdf
**Subject:**   Attorney Information

ne attorney is as follows:

have also attached my drivers license.  The only thing that I should have left as far as your concerned should be my social sercrity ard, which I will have for you tomorrow.  Let me know if there is anything else that I can do.

nanks,



**Loretta Mazaris**

----- Original Message -----
From: "joe jansen" <joe.jansen@fnfg.com>
To: "rory luckman" <rory.luckman@fnfg.com>
Cc: <bradley.martin@firstniagara.com>; "darbi bykowicz"
<darbi.bykowicz@fnfg.com>; "lori keane" <lori.keane@fnfg.com>
Sent: Friday, May 20, 2005 2:42 PM
Subject: Safe Deposit Boxes Needing Waivers

> Hi Rory,
>
> The attached file contains 1,445 account numbers of small Safe Deposit
> Boxes owned by Prestige package customers.  Could you place a "07" waive
> code on these boxes?  Some may have it already, others may have another
> code.
>
> Also, is there any way to systematically remove the waive code if the
> customer closes or changes their Prestige account?
>
> Thanks,
> Joe
>
>
> ********************************************************************
*********************
> The information in this communication, including all attachments
transmitted with it, is
> confidential and may be legally privileged.  It is intended solely for the
addressee.  No
> confidentiality or privilege is waived or lost by any mistransmission.  If
you are not the
> intended recipient, you are strictly prohibited from disclosing, copying,
distributing or
> using any of this information.  If you received this message in error,
please contact the
> sender immediately and destroy the material in its entirety, whether
electronic or hard
> copy.  The sender does not accept liability for any errors or omissions.
>
> This communication may contain nonpublic personal information about
consumers,
> subject to the restrictions of the Gramm-Leach-Bliley Act.  You may not
directly or
> indirectly reuse or disclose such information for any purpose other than

to provide the
> services for which you are receiving the information
> .
> ** eSafe scanned this email for viruses, vandals and malicious content. **
>
***********************************************************************
**********************

## SMALL BOXES NEEDING WAIVER

| BR# | NAME | PHONE # | ADDRESS | CITY | ST | ZIP | A/C # | TYPE |
|-----|------|---------|---------|------|----|-----|-------|------|
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14067 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14103 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14067 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14028 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14067 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14067 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14108 | | |
| | | | | | NY | 14094 | | |
| | | | | | NY | 14094 | | |

## SMALL BOXES NEEDING WAIVER

| BR# | NAME | PHONE # | ADDRESS | CITY | ST | ZIP | AIC# | TYPE |
|---|---|---|---|---|---|---|---|---|
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | NEWFANE | NY | 14108 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | WILLIAMSVILLE | NY | 14221 | | |
| | | | | NEWFANE | NY | 14108 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | NEWFANE | NY | 14108 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | BURT | NY | 14028 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | NEWFANE | NY | 14108 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14105 | | |
| | | | | NEWFANE | NY | 14108 | | |
| | | | | NEWFANE | NY | 14108 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | MIDDLEPORT | NY | 14105 | | |
| | | | | MIDDLEPORT | NY | 14105 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | CLARENCE CENTER | NY | 14032 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | MIDDLEPORT | NY | 14105 | | |
| | | | | NEWFANE | NY | 14108 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |

## SMALL BOXES NEEDING WAIVER

| ER# | NAME | PHONE # | ADDRESS | CITY | ST | ZIP | A/C # | TYPE |
|---|---|---|---|---|---|---|---|---|
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | OLCOTT | NY | 14126 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | MIDDLEPORT | NY | 14105 | | |
| | | | | CLARENCE CENTER | NY | 14032 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | DEPEW | NY | 14043 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | GASPORT | NY | 14067 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | MEDINA | NY | 14103 | | |
| | | | | MEDINA | NY | 14103 | | |
| | | | | MEDINA | NY | 14103 | | |
| | | | | MEDINA | NY | 14103 | | |
| | | | | KNOWLESVILLE | NY | 14479 | | |
| | | | | MEDINA | NY | 14103 | | |
| | | | | MEDINA | NY | 14105 | | |
| | | | | MIDDLEPORT | NY | 14105 | | |
| | | | | BATAVIA | NY | 14020 | | |
| | | | | BATAVIA | NY | 14020 | | |
| | | | | CORFU | NY | 14036 | | |
| | | | | CORFU | NY | 14036 | | |
| | | | | BYRON | NY | 14422 | | |
| | | | | OAKFIELD | NY | 14125 | | |
| | | | | BATAVIA | NY | 14020 | | |
| | | | | ALEXANDER | NY | 14005 | | |
| | | | | BATAVIA | NY | 14020 | | |
| | | | | BATAVIA | NY | 14020 | | |
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | YOUNGSTOWN | NY | 14174 | | |
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | WILSON | NY | 14172 | | |
| | | | | YOUNGSTOWN | NY | 14174 | | |
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | WILSON | NY | 14172 | | |
| | | | | WILSON | NY | 14172 | | |
| | | | | YOUNGSTOWN | NY | 14174 | | |
| | | | | YOUNGSTOWN | NY | 14174 | | |

## SMALL BOXES NEEDING WAIVER

| BR# | NAME | PHONE # | ADDRESS | CITY | ST | ZIP | A/C # | TYPE |
|---|---|---|---|---|---|---|---|---|
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | NEWFANE | NY | 14108 | | |
| | | | | RANSOMVILLE | NY | 14131 | | |
| | | | | AMHERST | NY | 14228 | | |
| | | | | AMHERST | NY | 14228 | | |
| | | | | WILLIAMSVILLE | NY | 14221 | | |
| | | | | WILLIAMSVILLE | NY | 14221 | | |
| | | | | CLARENCE CENTER | NY | 14032 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | CLARENCE | NY | 14031 | | |
| | | | | CLARENCE CENTER | NY | 14032 | | |
| | | | | AMHERST | NY | 14228 | | |
| | | | | CLARENCE CENTER | NY | 14032 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | WILLIAMSVILLE | NY | 14221 | | |
| | | | | WILLIAMSVILLE | NY | 14221 | | |
| | | | | AMHERST | NY | 14228 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | CLARENCE CENTER | NY | 14032 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | CLARENCE CENTER | NY | 14032 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | WILLIAMSVILLE | NY | 14221 | | |
| | | | | EAST AMHERST | NY | 14051 | | |
| | | | | AMHERST | NY | 14228 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | LOCKPORT | NY | 14094 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | N TONAWANDA | NY | 14120 | | |
| | | | | MURDOCK | FL | 33938 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | SANBORN | NY | 14132 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | NIAGARA FALLS | NY | 14304 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | NORTH TONAWANDA | NY | 14120 | | |
| | | | | TONAWANDA | NY | 14150 | | |
| | | | | CHEEKTOWAGA | NY | 14227 | | |
| | | | | CHEEKTOWAGA | NY | 14227 | | |