UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

FIRST NIAGARA INSURANCE BROKERS, INC.,

        Plaintiff,                  Civil No. 07-CIV-8720

- against -

FIRST NIAGARA FINANCIAL GROUP, INC.,

        Defendant.
_____

# ANSWER

        Defendant, First Niagara Financial Group, Inc. ("First Niagara-U.S."), by its attorneys, Hodgson Russ LLP, for its answer to the First Niagara Insurance Brokers, Inc.'s (First Niagara-Canada) complaint:

        1.     DENIES the allegations in paragraph 1 of the complaint.

        2.     With respect to paragraph 2 of the complaint, DENIES that plaintiff has been continuously using a FIRST NIAGARA mark in connection with a variety of insurance brokerage services in the United States since 1984 and that, as a result, members of the public throughout the United States identify the FIRST NIAGARA mark exclusively with plaintiff, and DENIES knowledge or information sufficient to form a belief as to the truth or falsity of those allegations as they relate to Canada.

        3.     DENIES the allegations in paragraph 3 of the complaint.

4. With respect to paragraph 4 of the complaint, DENIES the allegations in the second sentence of that paragraph and DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that paragraph.

5. With respect to paragraph 5 of the complaint, DENIES that plaintiff made an initial attempt to negotiate an amicable resolution of the dispute, ADMITS that plaintiff instituted a proceeding before the United States Patent and Trademark Office opposing FNFG's attempts to register FIRST NIAGARA-related marks, and DENIES the remaining allegations in that paragraph.

6. DENIES the allegations in paragraph 6 of the complaint.

7. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the complaint.

8. With respect to paragraph 8 of the complaint, ADMITS the allegations in the first two sentences of that paragraph and DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that paragraph.

9. ADMITS the allegations in paragraph 9 of the complaint.

10. ADMITS the allegations in paragraph 10 of the complaint

11. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the complaint.

12. With respect to paragraph 12 of the complaint, DENIES that First Niagara-Canada has been continuously using the FIRST NIAGARA marks in connection with United States commerce, and DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that paragraph.

13. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the complaint.

14. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the complaint.

15. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the complaint.

16. DENIES the allegations in paragraph 16 of the complaint.

17. ADMITS that First Niagara-U.S. has an administrative office in Lockport, New York, part of the greater Buffalo area, and that First Niagara-U.S.' Lockport office is approximately 25 miles by car from the Canadian border, ADMITS that First Niagara Financial Group's predecessor has been in the banking business for more than 135 years but denies it has been in the insurance business that long, ADMITS that until 2000, First Niagara-U.S. operated its banking and financial services business as Lockport Savings Bank, ADMITS that during the fourth quarter of 1999, First Niagara-U.S. decided to change the name of its banking and financial services business to First Niagara Bank but DENIES that as of that time that First Niagara-Canada had already been using the FIRST NIAGARA marks for 15 years in the same

area, and ADMITS that First Niagara-U.S. adopted and applied to register several FIRST NIAGARA related service marks featuring the term FIRST NIAGARA including First Niagara (word mark and with design), FIRST NIAGARA FINANCIAL GROUP, FIRST NIAGARA ONLINE, FIRST NIAGARA BANK'S CUSTOMER CONNECTION LINE and FIRST NIAGARA eCD, and that FIRST NIAGARA-U.S. adopted the marks FIRST NIAGARA RISK MANAGEMENT and FIRST NIAGARA MORTGAGE, among other service marks including the terms "FIRST" and "NIAGARA."

18. With respect to paragraph 18 of the complaint, DENIES the allegations in the first and second sentences of the paragraph and DENIES knowledge or information sufficient to form a belief as to the remaining allegations in that paragraph.

19. With respect to paragraph 19 of the complaint, ADMITS that Bart Maves and John Hoffman met, DENIES that Bart Maves ever identified the name of his company to Hoffman or that Maves and Hoffman discussed "business matters" other than to maintain that they were in the insurance business, DENIES knowledge or information sufficient to form a belief as to whether Bart Maves and John Hoffman were "patron sponsors" of the Porter Cup Tournament and were advertised as such in the tournament brochure, but states that First Niagara-Canada was not a sponsor of the Porter Cup and did not appear as such in the tournament brochure, and DENIES knowledge or information sufficient to form a belief as to the remaining allegations in that paragraph.

20. DENIES the allegations in paragraph 20 of the complaint.

21. With respect to paragraph 21 of the complaint, ADMITS that First Niagara-Canada refused to sell its domain name, ADMITS that First Niagara-U.S. registered the *first-niagara.com* domain name and established a website at *first-niagara.com* and denies the remaining allegations in that paragraph.

22. DENIES the allegations in paragraph 22 of the complaint

23. DENIES the allegations in paragraph 23 of the complaint.

24. DENIES the allegations in paragraph 24 of the complaint.

25. DENIES the allegations in paragraph 25 of the complaint.

26. With respect to paragraph 26 of the complaint, DENIES the allegations in the first sentence of that paragraph and DENIES knowledge or information sufficient to form a belief as to the allegations in the second sentence of that paragraph.

27. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the complaint.

28. With respect to paragraph 28 of the complaint, DENIES knowledge or information sufficient to form a belief as to the allegations in the first sentence of the paragraph and DENIES the remaining allegations in the paragraph.

29. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the complaint.

30. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the complaint.

31. DENIES the allegations in paragraph 31 of the complaint.

32. DENIES the allegations in paragraph 32 of the complaint.

33. DENIES the allegations in paragraph 33 of the complaint.

## Count I

34. With respect to the allegations in paragraph 34 of the complaint, ADMITS and DENIES as already set forth herein.

35. DENIES the allegations in paragraph 35 of the complaint.

36. DENIES the allegations in paragraph 36 of the complaint.

37. DENIES the allegations in paragraph 37 of the complaint.

38. DENIES the allegations in paragraph 38 of the complaint.

39. DENIES the allegations in paragraph 39 of the complaint.

## Count II

40. With respect to the allegations in paragraph 40 of the complaint, ADMITS and DENIES as already set forth herein.

41. DENIES the allegations in paragraph 41 of the complaint.

42. DENIES the allegations in paragraph 42 of the complaint.

43. DENIES the allegations in paragraph 43 of the complaint.

## Count III

44. With respect to the allegations in paragraph 44 of the complaint, ADMITS and DENIES as already set forth herein.

45. DENIES the allegations in paragraph 45 of the complaint.

46. DENIES the allegations in paragraph 46 of the complaint.

47. DENIES the allegations in paragraph 47 of the complaint.

## Count IV

48. With respect to the allegations in paragraph 48 of the complaint, ADMITS and DENIES as already set forth herein.

49. DENIES the allegations in paragraph 49 of the complaint.

50. DENIES the allegations in paragraph 50 of the complaint.

## Count V

51. With respect to the allegations in paragraph 51 of the complaint, ADMITS and DENIES as already set forth herein.

52. DENIES the allegations in paragraph 52 of the complaint.

53. DENIES the allegations in paragraph 53 of the complaint.

54. DENIES the allegations in paragraph 54 of the complaint.

## Count IV

55. With respect to the allegations in paragraph 55 of the complaint, ADMITS and DENIES as already set forth herein.

56. DENIES the allegations in paragraph 56 of the complaint.

57. DENIES the allegations in paragraph 57 of the complaint.

## DEFENSES

## FIRST DEFENSE

58. Some or all of the claims are barred, in whole or in part, by the applicable statute of limitations.

## SECOND DEFENSE

59. First Niagara-Canada does not use any FIRST NIAGARA marks in commerce in the United States or in intrastate commerce in any state within the United States and, therefore, has no enforceable trademark or service mark rights in the United States or in any state in the United States.

## THIRD DEFENSE

60. First Niagara-Canada is not licensed as an insurance broker in any state in the United States, and has not registered with any state's Department of Insurance in any state in the United States to provide such services.

61. Since it is not licensed as an insurance broker in any state in the United States, and has not registered with any state's Department of Insurance to provide insurance brokerage services in any state, it would be illegal for First Niagara-Canada to provide insurance brokerage services or to advertise such services in the United States.

62. If First Niagara-Canada is illegally providing brokerage services in the United State without a license or authorization, it is estopped and barred from claiming service mark rights in the United States or in any state in the United States in connection with those services.

63. If, on the other hand, First Niagara-Canada is not providing insurance brokerage services, then it is not using the FIRST NIAGARA mark in interstate or intrastate commerce in the United States and has no service mark rights or priority in the United States.

**FOURTH DEFENSE**

64. First Niagara-U.S. owns New York State service mark registrations for FIRST NIAGARA, and FIRST NIAGARA and design, in Classes 35, 36, 37 and 39 for, among other things, insurance brokerage services. Copies of these registrations are attached to this Answer as Exhibit 1.

65. As such, First Niagara-U.S. has a prima facie right to use the FIRST NIAGARA mark in connection with the services identified in the registration in New York State.

## **FIFTH DEFENSE**

66.     Factual issues between the parties have been litigated in *First Niagara Insurance Brokers, Inc. v. First Niagara Financial Group, Inc.*, Opposition Nos. 91122072, 91122224, 91122193, 91122450, 91122712, 91150237 (Trademark Trade and Appeal Board) (the "TTAB Opposition Proceedings").

67.     First Niagara-Canada is precluded and estopped from re-litigating any of the factual issues previously determined in the TTAB Opposition Proceedings.  Among those factual determinations are the following:

- "Applicant chose its mark FIRST NIAGARA for banking and financial services in December 1999 to replace Lockport Savings Bank and Niagara Bancorp, and first used it as a mark on January 7, 2000."
- "[First Niagara-Canada] has not acted as an insurance broker in New York or in any other state in the United States."
- "[First Niagara-Canada] is licensed in Ontario and acknowledges that 'it initiates all of its brokerage services in Canada; and that it is not licensed in any state in the United States, any other province in Canada, or any other county to provide insurance brokerage services.  [First Niagara-Canada] has no property, offices or employees in the United States, nor does it pay any United States or individual state taxes.'"
- "[First Niagara-Canada] is licensed in Ontario, Canada, conducts its insurance brokerage services under its marks in Ontario, and its services are regulated by Ontario law.  The nexus of its services is Ontario and the activities opposer undertaken in communicating with U.S. brokerage and clients are simply a necessary part of its Canadian business."

- "[First Niagara-Canada] is a Canadian insurance brokerage agency with offices, employees, and two locations in Ontario, Canada. . .."
- "There is no evidence in the record that [First Niagara-U.S.] had any reason to believe that [First Niagara-Canada] used its name in connection with insurance brokerage services rendered in commerce in or with the United States."

**SIXTH DEFENSE**

68. On or about July 16, 2007, First Niagara-Canada noticed an appeal to the United States Court of Appeals for the Federal Circuit (Case Nos. 07-1529, 07-1555) (the "Appeal") from the TTAB June 6, 2007 Decision in the TTAB Opposition Proceedings.

69. By filing the Appeal, First Niagara made a conscious decision to review the issues raised in the TTAB Oppositions by means of a direct appeal to the Federal Circuit, and, as provided by statute, waived its right to "have remedy by a civil action." 15 U.S.C. §1071 (a, b).

70. Accordingly, First Niagara-Canada has waived its right to bring this civil action.

**SEVENTH DEFENSE**

71. First Niagara-Canada has failed to exhaust its administrative remedies. It has taken an appeal from the TTAB's June 6, 2007 Decision in the TTAB Opposition Proceedings. That appeal is still pending before the United States Court of Appeals for the Federal Circuit (Case Nos. 07-1529, 07-1555) and has not been concluded.

72. At a minimum, this action should be stayed until the TTAB Opposition Proceedings are final and appeals are exhausted.

**EIGHTH DEFENSE**

73. At least as early as January 2000, First Niagara-Canada knew that First Niagara-U.S. was using FIRST NIAGARA Marks in the United States in conjunction with the provision of services.

74. After gaining that knowledge, First Niagara-Canada waited almost eight years before commencing this action on October 10, 2007.

75. First Niagara-Canada is barred by laches from recovering damages.

**NINTH DEFENSE**

76. For the convenience of the witnesses and parties, and in the interest of justice, the venue of this action should be transferred to the United States District Court for the Western District of New York pursuant to 28 U.S.C. §1404(a).

**TENTH DEFENSE**

77. The Complaint fails to state a claim upon which relief can be granted.

**ELEVENTH DEFENSE**

78. First Niagara-Canada may not recover damages for common law state unfair competition because, upon information and belief, it had not sustained any loss of profits as a result of First Niagara-U.S.' alleged conduct.

## TWELFTH DEFENSE

79. Count IV of the complaint fails to state a claim upon which relief can be granted. There is no Section 239(h) of the New York General Business Law. Section 239 of the New York General Business Law relates to appraisal of jewelry and watches, and is wholly irrelevant to the business of either First Niagara-Canada or First Niagara-U.S.

## THIRTEENTH DEFENSE

80. Count V of the complaint fails to state a claim upon which relief can be granted. First Niagara-Canada alleges neither that it is an injured consumer nor that defendant's alleged actions have caused injury to the public at large.

## FOURTEENTH DEFENSE

81. N.Y. Gen.Bus.Law §350-e(3) limits available treble damages for a violation of N.Y. Gen.Bus.Law §350 or § 350-a to one thousand dollars, and then only if plaintiff establishes that defendant knowingly or willfully violated those statutes.

82. Accordingly, First Niagara-Canada's maximum claimed treble damages under N.Y. Gen.Bus.Law §350-e(3) are limited to one thousand dollars.

## FIFTEENTH DEFENSE

83. New York General Business Law §360-l applies only to "extremely strong marks."

84. First Niagara-Canada's claimed marks are not "extremely strong marks" in the United States.

85. Accordingly, First Niagara-Canada is not entitled to relief under N.Y. Gen.Bus.Law §360-l.

## SIXTEENTH DEFENSE

86. N.Y. Gen.Bus.Law § 360-l provides only for injunctive relief, and not for monetary relief.

87. Accordingly, First Niagara-Canada may not recover monetary relief under N.Y. Gen.Bus.Law §360-l.

WHEREFORE, Defendant First Niagara-U.S. requests judgment dismissing the action, and awarding to First Niagara-U.S. its attorneys' fees, costs and disbursements, together with such other relief as the Court deems just and proper.

First Niagara-U.S. demands a trial by jury of all issues.

DATED:   October 31, 2007

Attorneys for Defendant:

**HODGSON RUSS LLP**

By: __s/Paul I. Perlman_____
    Paul I. Perlman (PP-4449)
    Kevin M. Kearney (KK-7185)
    Ivan E. Lee (IL-3415)
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone:   (716) 848-1479
Facsimile:   (716) 819-4616
*pperlman@hodgsonruss.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2007, I filed the foregoing *Answer* with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the CM/ECF participants on this case:

Attorneys for Plaintiff:
Paul M. Fakler
Martin Schwimmer
Julie Stark
Amanda J. Schaffer
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
*pfakler@mosessinger.com*

And, I hereby certify that I have mailed by First Class Mail the document to the following non-CM/ECF participants:

N/A

**HODGSON RUSS LLP**

By: _s/Paul I. Perlman_____
Paul I. Perlman (PP-4449)
Kevin M. Kearney (KK-7185)
Ivan E. Lee (IL-3415)
Attorneys for Defendant
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: (716) 848-1479
Facsimile:    (716) 819-4616
*pperlman@hodgsonruss.com*

019000/05006 BFLODOCS 2078816v1